# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBRA-ANN WELLMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-279 (SLR) |
| | ) | |
| THE DUPONT COMPANY | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## ANSWER OF E.I. DU PONT DE NEMOURS AND COMPANY

Defendant E.I. du Pont de Nemours and Company (hereafter "DuPont" or "Defendant"), hereby improperly named in the Complaint as "The DuPont Company," answers Plaintiff's Complaint Under Title VII of the Civil Rights Act of 1964 (hereafter "Complaint") and asserts Affirmative Defenses as follows:

1.      Admitted that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and that this Court has jurisdiction over Plaintiff's claims.  It is denied that Defendant committed any wrongful acts and that any equitable or other relief is due Plaintiff.

2.      DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3.      DuPont denies that its proper name is "The DuPont Company" as set forth in the caption of the Complaint.  By way of further response, DuPont states that its correct name is E.I. Du Pont de Nemours and Company, Inc.  DuPont admits that its headquarters is located at DuPont Building, 1007 Market Street, Wilmington, DE 19898.

4. DuPont admits only that Plaintiff was employed by DuPont Dow Elastomers L.L.C. (hereafter "DDE") and that DDE has its headquarters at 300 Bellevue Parkway, Suite 300, Wilmington, DE 19809. DuPont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

5. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore, the allegation is denied.

6. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore, the allegation is denied.

7. DuPont admits that Plaintiff filed charges with the Department of Labor of the State of Delaware. DuPont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore, the remaining allegations are denied.

8. DuPont admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission of the United States on August 15, 2002. By way of further response, Plaintiff filed Charge Number 170A201953 with the Equal Employment Opportunity Commission of the United States on August 15, 2002 and filed an amendment to Charge Number 170A201953 on December 1, 2002.

9. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and therefore, the allegation is denied. By way of further response, DuPont admits that the Notice-of-Right-to-Sue is attached to the Complaint.

10. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore, these allegations are denied.

11. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore, the allegation is denied.

12.     DuPont admits that a copy of the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission is attached to the Complaint.  DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the charge of discrimination and therefore, those allegations are denied.  By way of further response, DuPont denies any inference in the charge of discrimination that that the Plaintiff was employed by DuPont during the time period in which any of the allegations in Plaintiff's Complaint occurred.

13.     DuPont denies the allegation in this paragraph.

14.     DuPont denies the allegation in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim(s) upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

DuPont was not the Plaintiff's employer during the time period in which any of the allegations in Plaintiff's Complaint occurred.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred due to Plaintiff's failure to exhaust her administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, DuPont respectfully requests that this Court enter judgment in its favor and against Plaintiff:

1.    Dismissing the complaint with prejudice;

2.    Awarding DuPont its costs and attorneys' fees; and

3.    Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By _____
Kathleen Furey McDonough (#2395)
Elizabeth Jean Winslow (#4475)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000

Michael L. Clarke
E.I. du Pont de Nemours and Company
DuPont Legal, D7016-1
1007 Market Street
Wilmington, Delaware 19898

*Attorneys for Defendant*
*E. I. du Pont de Nemours and Company*

Dated:  May 31, 2005
683283v1

## CERTIFICATE OF SERVICE

I, Kathleen Furey McDonough, hereby certify that on April 15, 2005, I electronically filed the foregoing **ANSWER OF E.I. DU PONT DE NEMOURS AND COMPANY** with the Clerk of the Court using CM/ECF, which is available for public viewing and downloading, and which will send notification of such filing to the following counsel of record:

**BY FIRST CLASS MAIL**

Debra-Ann Wellman, *pro se*
P.O. Box 4395
Greenville, DE 19807

**BY HAND DELIVERY**

Michael L. Clarke
E.I. du Pont de Nemours and Company
DuPont Legal, D7016-1
1007 Market Street
Wilmington, Delaware 19898


Kathleen Furey McDonough (#2395)

683283v1