# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBRA-ANN WELLMAN | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-279 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| THE DUPONT COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS <u>MOTION FOR SUMMARY JUDGMENT</u>

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

Date:  October 19, 2007

# TABLE OF CONTENTS

**PAGES**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................3

    I.    PLAINTIFF FAILED TO RESPOND TO DUPONT'S MOTION
        FOR SUMMARY JUDGMENT; DUPONT IS THEREFORE
        ENTITLED TO JUDGMENT AS A MATTER OF LAW ...............................................3

    II.   SUMMARY JUDGMENT IN FAVOR OF DUPONT IS
        APPROPRIATE .................................................................................................................4

CONCLUSION .............................................................................................................................4

## TABLE OF AUTHORITIES

*Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review,*
    922 F.2d 168 (3d Cir. 1990)................................................................................................3

## OTHER AUTHORITIES

D. Del. LR 1.3(b) .............................................................................................................................4

See Fed. R. Civ. P. 56(e).................................................................................................................4

## INTRODUCTION

This is an employment discrimination case in which Plaintiff Debra-Ann Wellman ("Plaintiff" or "Wellman") originally asserted that Defendant E. I. du Pont de Nemours and Company ("DuPont") was liable for discrimination and sexual harassment that she allegedly suffered while employed by another entity – DuPont Dow Elastomers, L.L.C ("DDE"). DuPont has consistently defended this action on the basis that it was not Plaintiff's employer during the relevant time period and is therefore not liable for any conduct that Plaintiff claims to have endured while employed by DDE. Plaintiff apparently concedes.

Following the close of discovery, the parties and the Court agreed on an expanded briefing schedule for case dispositive motions. (D.I. 34) In accordance with that schedule, DuPont filed its motion for summary judgment and opening brief in support thereof on August 31, 2007. (D.I. 35, 36) Plaintiff was required to file an answering brief nearly thirty (30) days later, on September 28, 2007. Instead, following receipt of correspondence directly from the Plaintiff, the Court extended the time during which Plaintiff was permitted to respond to DuPont's motion for summary judgment to October 12, 2007. (D.I. 39) On that date, Plaintiff filed her "Opening/Answer Brief In Support Of Motion For Summary Judgment[1]." (D.I. 40) Plaintiff filed a single answering brief in response to both DuPont's motion in this action and DDE's motion for summary judgment in the companion action, C.A. 05-0278-SLR.

In her combined answering brief, Plaintiff offers absolutely no response to DuPont's substantive arguments. More importantly, she concedes that DDE – not DuPont – was her employer during the time in question and that the alleged harassment she suffered was

---

[1] Although labeled a combined "opening/answer" brief, Plaintiff has not filed an affirmative motion for summary judgment, nor can she do so. The deadline for case dispositive motions was August 31, 2007. (D.I. 34)

1

perpetrated by DDE employees. As a practical matter, DuPont's motion for summary judgment is therefore unopposed. For that reason, and those set forth in DuPont's opening brief, DuPont's motion for summary judgment should be granted.

## ARGUMENT

I. **PLAINTIFF FAILED TO RESPOND TO DUPONT'S MOTION FOR SUMMARY JUDGMENT; DUPONT IS THEREFORE ENTITLED TO JUDGMENT AS A MATTER OF LAW**

Although Plaintiff nominally filed an answering brief in opposition to DuPont's motion for summary judgment, that brief completely fails to address DuPont's arguments in support of its motion. Indeed, the answering brief barely mentions DuPont. Instead, the answering brief focuses on the reasons why Plaintiff believes DDE's motion for summary judgment should be denied. Specifically, Plaintiff argues that:

> DDE, *as the employing authority* of Paul Graves, and as having ratified Paul Graves' actions in his continuation of his sexual harassment by non-responsiveness [sic] of *the Human Resources Department of DDE* to seek resolution via alternative work site location or other personnel options, has thereby authorized Mr. Graves in his position as her immediate supervisor controlling and reviewing her daily duties to act *for DDE*, and has contributed to and authorized sexual harassment by said Paul Graves, and is thereby liable under Title VII as an employer.

Plaintiff's Answering Brief, D.I. 40, at p. 3 (emphasis supplied). This summary of Plaintiff's argument leaves no doubt that Plaintiff explicitly concedes DuPont was not her employer and did not control her workplace at the time of the alleged harassment. Moreover, Plaintiff does not challenge the fact that DDE is a separate legal entity from DuPont; nor does she offer any reason why the corporate veil between DDE and DuPont should be pierced.

Finally, Plaintiff does not advance any other theory under which DuPont should, or could, be held liable under Title VII or the ADA.

By failing to meaningfully respond to DuPont's motion for summary judgment, Plaintiff has waived her right to do so or to controvert the facts set forth in DuPont's opening brief. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990)

3

(holding that failure to respond "can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it"); D. Del. LR 1.3(b) ("failure of counsel to comply with the Rules relating to motions may result in the determination of the motion against the offending party").

## II.    SUMMARY JUDGMENT IN FAVOR OF DUPONT IS APPROPRIATE

Summary judgment in favor of DuPont is appropriate because, as set forth in DuPont's Opening Brief in Support of its Motion for Summary Judgment, no genuine issue of material fact exists, and the undisputed facts entitle DuPont to judgment as a matter of law. *See* Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

## **CONCLUSION**

For all the forgoing reasons, as well as those set forth in DuPont's opening brief, it is hereby respectfully requested that this Court enter an Order granting DuPont's Motion for Summary Judgment and dismissing plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: *[signature]*
Kathleen Furey McDonough (# 2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email

*Attorneys for Defendant*
*E. I. du Pont de Nemours and Company*

Date:        October 19, 2007
825414

5

## **CERTIFICATE OF SERVICE**

I, Sarah Elizabeth DiLuzio, hereby certify this 19th day of October, 2007, that the foregoing **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> John M. Stull (No. 568)
> 1300 North Market Street
> Suite 700
> P.O. Box 1947
> Wilmington, DE 19801
> Telephone: (302) 654-0399
> Facsimile: (302) 654-0884
> jstullesq@aol.com

/s/ Sarah E. DiLuzio
Sarah Elizabeth DiLuzio (Del. Bar #4085)
Potter Anderson & Corroon, LLP
Hercules Plaza, Sixth Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6042 (Telephone)
(302) 658-1192 (Facsimile)
sdiluzio@potteranderson.com (Email)

825414