## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DEBRA-ANN WELLMAN )
)
             Plaintiff, )     C.A. No. 05-279 (SLR)
)
    v. )
)
THE DUPONT COMPANY )
)
           Defendant. )

### DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY'S
### STATEMENT OF MATERIAL FACTS AND LEGAL ISSUES
### UPON WHICH JUDGMENT IS SOUGHT

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant E. I. du Pont de Nemours
and Company*

Date: February 29, 2008

851218v1/20120-339

Pursuant to the Court's February 13, 2008 order (D.I. 45), Defendant E. I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, hereby submits its statement of material facts as to which Defendant contends there is no genuine issue to be tried, and the legal issues upon which summary judgment in favor of Defendant is sought[1].

## A.    Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried.

1.    Plaintiff Debra-Ann Wellman ("Plaintiff") was not employed by Defendant E. I. du Pont de Nemours and Company ("DuPont") during the time period in which any of the allegations in Plaintiff's Complaint occurred.

2.    With the exception of a few breaks in employment, Plaintiff was employed by DuPont from 1992 through her resignation on March 31, 1996. Plaintiff was employed by DuPont Dow Elastomers, LLC ("DDE") from April 1, 1996 through August 26, 2002. (*See* Wellman Dep. A94-95, A114; Cronin Aff. ¶2, A72[2])

3.    The relevant time period for purposes of Plaintiff's Complaint is July 2001 (when Paul Graves became her supervisor) through August 2002 (when she was terminated). (D.I. 1)

4.    DuPont had no control over Plaintiff's workplace at DDE.

5.    The individuals Plaintiff identifies in her Complaint as having created a hostile work environment, Paul Graves and Mary Ann Price, were DDE employees during the relevant time period. (*See* Wellman Dep. A118-122; Cronin Aff. ¶4, A73)

6.    DDE was formed on April 1, 1996 as a limited liability company under Delaware law. (Sabol Aff. ¶2, A1)

7.    DDE was a joint venture between DuPont and Dow Chemical Company ("Dow"). (Sabol Aff. ¶2, A1)

8.    DDE was formed as a separate legal entity and was treated as such by DuPont and Dow. (Sabol Aff. ¶4, A2)

9.    Neither DuPont nor Dow were able to unilaterally control DDE. (Sabol Aff. ¶3, A1-2)

10.    With one exception, the senior management team of DDE, which managed its day-to-day operations, was made up of individuals employed solely by DDE. (Sabol Aff. ¶3, A1-2)

---

[1] This statement is submitted in further support of Defendant's pending motion for summary judgment, and briefs in support thereof. (DI 35, 36, 43)
[2] The record cites provided are to Defendant's Appendix in Support of its Motion for Summary Judgment, filed on August 31, 2007. (D.I. 37)

11.    DDE held title to significant assets, including DuPont and Dow's former elastomers businesses and the physical buildings and equipment at DDE plant sites. (Sabol Aff. ¶4, A2)

12.    DDE purchased its own raw materials, and marketed its own products. (Sabol Aff. ¶4, A2)

13.    DDE established its own bank accounts and internal accounting functions. (Sabol Aff. ¶4, A2)

14.    DDE purchased workers' compensation and other insurance policies, and obtained a federal employer identification number. (Sabol Aff. ¶4, A2)

15.    DDE was responsible for its own labor relations. ((Sabol Aff. ¶4, A2; *DuPont Dow Elastomers, L.L. C.,* 332 N.L.R.B. 1071 (2000))

16.    DDE had its own Finance, Operations, Marketing, Legal, Human Resources, Customer Service and other departments. (Sabol Aff. ¶4, A2)

17.    Employment decisions regarding DDE employees were made by DDE management in consultation with DDE's Human Resources Department. (Sabol Aff. ¶10, A3)

18.    DuPont played no part in daily employment decisions regarding DDE employees. (Sabol Aff. ¶10, A3)

19.    DuPont was not kept informed of the daily employment decisions regarding DDE employees. (Sabol Aff. ¶10, A3)

20.    Prior to the formation of DDE, Plaintiff was employed by DuPont as an administrative assistant. (Dep. A96-97)

21.    When DDE was formed Plaintiff resigned her position with DuPont and accepted an offer of employment with DDE. (Dep. A99-100)

22.    Plaintiff knew that, by accepting a position with DDE, she was severing her relationship with DuPont and being hired by DDE. (Dep. A101)

23.    Employees resigning from DuPont in order to join DDE were not promised re-employment with DuPont. (Sabol Aff. ¶9, A3)

24.    During her employment with DDE, Plaintiff's wages were paid solely by DDE. (Dep. A102; Cronin Aff. ¶2, A72, Ex. A, A76-77)

25.    Plaintiff received benefits paid for by DDE. (Dep. A102; Cronin Aff. ¶2, A72, Ex. A, A76-77; Sabol Aff. ¶7, A2-3, Ex. D, A38-41)

26.    Plaintiff participated in DDE's pension plan. (Dep. A102; Cronin Aff. ¶2, A72, Ex. A, A76-77; Sabol Aff. ¶7, A2-3, Ex. D, A38-41)

27.    Throughout her employment with DDE, Plaintiff worked as an administrative assistant for several different business groups within DDE and was supervised by a number of different individuals - each of whom were DDE supervisors and managers, not employees of DuPont or Dow. (Dep. A104-108, A112-113, A118-120; Cronin Aff. ¶4, A73)

28.    Plaintiff was terminated from DDE for job abandonment.

29.    DDE management, in consultation with DDE's Human Resources Department, made the decision to terminate her employment. (Cronin Aff. ¶5, A73-74)

30.    In making that decision, DDE personnel were guided by DDE policies. (Cronin Aff. ¶5, A73-74)

31.    DuPont was not consulted, nor informed of, any employment decisions regarding Ms. Wellman. (Cronin Aff. ¶5, A73-74)

## B.    Legal Issues Upon Which Judgment Is Sought By DuPont.

1.    Plaintiff's Complaint contends that she was terminated from DDE in violation of Title VII and, nominally, the Americans with Disabilities Act ("ADA"). Both Title VII and the ADA authorize a cause of action only against employers, employment agencies, and labor organizations. *See* 42 U.S.C. § 2000e-2 (defining unlawful employment practices of employers); 42 U.S.C. § 12112(a) (prohibiting discrimination in employment by "covered entity," *i.e.*, employer, employment agency or labor organization); *see also Doe v. William Shapiro, Esq. P.C.*, 852 F. Supp. 1246, 1253 (E.D. Pa. 1994) (stating in Title VII cases, the relevant issue is "whether the defendant is the plaintiff's employer under the statute"). Because DuPont was not Plaintiff's employer during the relevant time period, it is entitled to summary judgment on Plaintiff's Title VII and ADA claims.

2.    DuPont is entitled to summary judgment on all of Plaintiff's claims because, absent extraordinary circumstances not present here, a parent corporation is not liable for its subsidiary's alleged employment discrimination. *See Marzano v. Computer Science Corp., Inc.*, 91 F.3d 497, 513-514 (3d Cir. 1996).

3.    On October 12, 2007, Plaintiff filed her "Opening/Answer Brief In Support Of Motion For Summary Judgment," (D.I. 40) offering no response to DuPont's substantive arguments; conceding that DDE, not DuPont, was her employer during the time in question; and that the alleged harassment she suffered was perpetrated by DDE employees. Therefore, as a practical matter, DuPont's motion for summary judgment is unopposed and DuPont's motion for summary judgment should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _____

Kathleen Furey McDonough (# 2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email

*Attorneys for Defendant*
*E. I. du Pont de Nemours and Company*

Date:  February 29, 2008

851218 / 20120-339

4

## CERTIFICATE OF SERVICE

I, Sarah Elizabeth DiLuzio, hereby certify this 29th day February, 2008, that the foregoing document was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

John M. Stull (No. 568)
1300 North Market Street
Suite 700
P.O. Box 1947
Wilmington, DE 19801
Telephone:  (302) 654-0399
Facsimile:  (302) 654-0884
jstullesq@aol.com


Sarah Elizabeth DiLuzio (Del. Bar #4085)
Potter Anderson & Corroon, LLP
Hercules Plaza, Sixth Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6042 (Telephone)
(302) 658-1192 (Facsimile)
sdiluzio@potteranderson.com (Email)

851218 / 20120-339