IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 05-278-SLR |
| v. ) | Civil Action No. 05-279-SLR |
| ) | Civil Action No. 05-280-SLR |
| DuPONT DOW ELASTOMERS, LLC ) | |
| t/a DUPONT HIGH PERFORMANCE ) | |
| ELASTOMERS, LLC, ) | |
| DOW CHEMICAL COMPANY, and ) | |
| E. I. DUPONT De NEMOURS & CO., INC.,) | |
|     Defendants. ) | |

**PLAINTIFF DEBRA-ANN WELLMAN'S FACTUAL BASES FOR
HER STATEMENT IN SUPPORT OF SUMMARY JUDGMENT
AS TO NO GENUINE ISSUES OF MATERIAL FACT AS TO FACTS
SUPPORTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff Debra-Ann Wellman, by and through John M. Stull, her attorney for this action, does hereby Certify that no genuine issues of material fact exist with regard to the facts in support of Plaintiff's Motion for Summary Judgment under Rule 56, based on documents, testimony and legal argument entered in the Record, and that, based on Plaintiff's Opening Brief previously filed, will support a Grant of Plaintiff's Summary Judgment Motion.

                                            /s/ JOHN M. STULL, ESQ. DE # 568
                                             3 Mill Road, Ste 306A
                                             P. O. Box 1947
                                             Wilmington, DE 19899
                                             Attorney for Plaintiff Debra-Ann Wellman

Dated: March 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-278-SLR |
| v. | ) Civil Action No. 05-279-SLR |
| | ) Civil Action No. 05-280-SLR |
| | ) |
| DuPONT DOW ELASTOMERS, LLC | ) |
| t/a DUPONT HIGH PERFORMANCE | ) |
| ELASTOMERS, LLC, | ) |
| DOW CHEMICAL COMPANY, and | ) |
| E. I. DUPONT De NEMOURS & CO., INC., | ) |
| Defendants. | ) |

**ORDER ON BASIS OF PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT**

---

**ORDER**

Now, this _____ day of _____, 2008, the Court having considered Plaintiff's Motion for Summary Judgment and having considered the Record and legal bases therefore, does find that an Order GRANTING said Motion for Summary Judgment in Plaintiff's favor is proper, does hereby GRANT said Motion in favor of Plaintiff. As such, the Court does hereby enter said Order as follows:

Having found on the bases of factual and legal standards set forth in the Record, The Court hereby determines, on this _____, day of _____, 2008, that Judgment is hereby entered in favor of Plaintiff Debra-Ann Wellman against E. I. DuPont de Nemours, & Co., Inc., Dow Chemical Company and DuPont Dow Elastomers, LLC, t/a DuPont High Performance Elastomers, LLC, according to damages to be determined.

_____
Sue L. Robinson, Judge
U.S. DISTRICT COURT

      I, John M. Stull, counsel for Plaintiff Debra-Ann Wellman, on this 6th day of March, 2008, hereby enters a request for the Court to enter a Motion for Summary Judgment in behalf of the Plaintiff Debra-Ann Wellman based on documents and testimony entered in the Record, on the basis that there is no dispute as to said factual presentation, and the legal standard set forth in briefing is clear as of this date.   Said Motion attaches an Order for signature by the Court.

`

                                    <u>/s/ JOHN M. STULL, ESQ. DE # 568</u>
                                    3 Mill Road
                                    P. O. Box 1947
                                    Wilmington, DE 19899
                                    Attorney for Plaintiff Debra-Ann Wellman

Dated: March 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 05-278-SLR |
| v. | ) Civil Action No. 05-279-SLR |
| | ) Civil Action No. 05-280-SLR |
| DuPONT DOW ELASTOMERS, LLC | ) |
| t/a DUPONT HIGH PERFORMANCE | ) |
| ELASTOMERS, LLC, | ) |
| DOW CHEMICAL COMPANY, and | ) |
| E. I. DUPONT De NEMOURS & CO., INC., | ) |
|     Defendants. | ) |

**MOTION FOR SUMMARY JUDGMENT**

      I, John M. Stull, counsel for Plaintiff Debra-Ann Wellman, on this 7th day of March, 2008, hereby enters a request for the Court to enter a Motion for Summary Judgment in behalf of the Plaintiff Debra-Ann Wellman based on documents and testimony entered in the Record, on the basis that there is no dispute as to said factual presentation, and the legal standard set forth in briefing is clear as of this date.   Said Motion attaches an Order for signature by the Court.


`                                             /s/ JOHN M. STULL, ESQ. DE # 568
                                              3 Mill Road
                                              P. O. Box 1947
                                              Wilmington, DE 19899
                                              Attorney for Plaintiff Debra-Ann Wellman

Dated: March 7, 2008

# CERTIFICATE OF SERVICE

I, John M. Stull, Counsel for Plaintiff Debra-Ann Wellman, do hereby certify that on March 9, 2008, I did by means of Hand Delivery, attempt to provide counsel for Defendants herein at their offices set forth below the within Statement(s) containing factual and legal references as to the claims and assertions made by Plaintiff in the above matters to support her position(s) that no Genuine Issues of Fact Need be shown sufficient to Grant Summary Judgment in her behalf.

POTTER ANDERSON & CORROON LLP
Sarah E. DiLuzio, Esquire
1313 Market Street, Sixth Floor
Wilmington, DE 19801

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

/s/ JOHN M. STULL, ESQ. DE # 568
3 Mill Road
P. O. Box 1947
Wilmington, DE 19899
Attorney for Plaintiff Debra-Ann Wellman

Dated: March 9, 2008

**PLAINTIFF'S SUBMISSION OF CONCISE REFERENCES TO THE RECORD CONCERNING FACTUAL MATTERS SETFORTH SUFFICIENT TO SHOW NO GENUINE ISSUES OF FACT AS TO THE ABOVE CASES**

      COMES NOW, PLAINTIFF DEPRA-ANN WELLMAN, and through counsel, having presented to This Honorable Court the above stated Motion(s), does reference the following factual bases embodied in Plaintiff's Appendix Material previously presented to the Court in support of the Brief supporting Plaintiff's Motion for summary Judgment, and in further reference concerning the Court's need for factual specificity thereof and as factual basis for these Motions, as follows:

1. Plaintiff's Motion for Summary Judgment included an Appendix setting forth material that contained deposition testimony. The primary reference in support of Plaintiff's claims was located in App.Pl. pp. 0001-0073. A review of these testimonial statements at Deposition of Karen Cronin will establish DDE/DuPont/Dow as having an unresponsive reaction to the within claims. Further, as to Ms. Wellman's "failure to return to return to work" Plaintiff Wellman was advised "not to return to work", by her DuPont authorized (via EAP, "Employee Assistance Program") medical advisors (Dr.s Whitehill and Glacken) so as to avoid further medical issues and continuation of her mental duress created by her association at work under the management of Paul Graves.
2. As to the assertions of Dr.s Glacken and Whitehill, **see Pl. App. 133** (Whitehill) and **Pl. App. 196** (Glacken). Both of these **DuPont authorized medical advisors** specifically advised Ms. Wellman not to return to work under the supervision of Paul Graves. Mr. Graves was a supervisor of Ms. Wellman and as such, committed the Joint Venture of DuPont Dow Elastomers/DPD to strict liability for any failure/job termination result flowing from actions of a management or supervisory actor. See Plaintiff's Briefing submission as to the support for such conclusions from the Third Circuit and the Supreme Court of the United States. The latter conclusion was documented under the authorization of Justice Sandra Day O'Conner, whose reaction was to be summarized as saying any employee whose employment termination (i.e., an adverse employment event) was the result of sexual harassment by an agent of management (supervisor) subjects the employer/supervisor agency relationship to strict liability, such as to deny said employer any affirmative defense.
3. Nothing in the deposition or briefing material of any of the three defendants can refute said factual assertions. Attempts were made to obtain deposition of Michael Sherman and Tralee Park medical advisor Dr. Donald Cameron, but no response was accepted and was refused. The fact that Ms. Wellman was put on "disability" and in effect terminated from her job was the ultimate insult. As a final conclusion, she was labled as "abandoning her job." This in the face of her continual attempts to reach a receptive response within the management of DDE/DPD or DuPont.

4. Ms. Wellman's experience cost her her pension/401(k) rights and her accessibility to future employment opportunities plus her accrual of continued pension credits with and within DuPont. Said Company (DuPont) closed the doors to her returning to work with that entity and has, through its participation in the Joint Venture with Dow Chemical Company (DDE/DPD) subjected itself to massive liability under Title VII, under provisions of sexual harassment, and under case law that has been previously presented to this Court.

5. Finally, Ms. Wellman testified as to her knowledge of the accounting procedures such as to provide reference to the fact that the joint venture was a 50/50 split of profit between DuPont and Dow. This testimony was unrefuted by any Defendant, and subjects both entities DuPont and Dow to the same indefensible result as to liability. See also, as to "Partnership" arrangements and the resultant joint tax liability of Partners, per Income Tax Regulations as of January 12, 2006, Volume 3, Reg. Sec. 1.701-1; Sec. 1.702.2.

Further than the above, Plaintiff can offer other factual and legal support as to any details that the Court requires, in its discretion.

Respectfully submitted,

/s/ JOHN M. STULL
John M. Stull, Esq. (Del.Bar #568)
3 Mill Road, Ste 306A
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Debra-Ann Wellman
Dated: March 9, 2008,
Email: jstullesq@aol.com

## CERTIFICATE OF SERVICE

I, John M. Stull, Counsel for Plaintiff Debra-Ann Wellman, do hereby certify that on March 9, 2008, I did by means of Hand Delivery, attempt to provide counsel for Defendants herein at their offices set forth below the within Statement(s) containing factual and legal references as to the claims and assertions made by Plaintiff in the above matters to support her position(s) that no Genuine Issues of Fact Need be shown sufficient to Grant Summary Judgment in her behalf.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant Dow


POTTER ANDERSON & CORROON LLP
Sarah E. DiLuzio, Esquire
1313 Market Street, Sixth Floor
Wilmington, DE 19801
Email: sdiluzio@potteranderson.com
Attorney for Defendant DuPont

Dated: March 9, 2008